## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. KATHREIN *and*<br>VICTORIA KATHREIN, on behalf<br>of herself and all others<br>similarly situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>CITY OF EVANSTON, ILLINOIS,<br>LORRAINE H. MORTON, Mayor,<br>CHERYL WOLLIN,<br>1st Ward Alderman, City Council,<br>LIONEL JEAN-BAPTISTE,<br>2nd Ward Alderman, City Council,<br>MELISSA A. WYNNE,<br>3rd Ward Alderman, City Council,<br>STEVEN J. BERNSTEIN,<br>4th Ward Alderman, City Council,<br>DELORES A. HOLMES,<br>5th Ward Alderman, City Council,<br>EDMUND B. MORAN, Jr.,<br>6th Ward Alderman, City Council,<br>ELIZABETH B. TISDAHL,<br>7th Ward Alderman, City Council,<br>ANN RAINEY,<br>8th Ward Alderman, City Council,<br>ANJANA HANSEN,<br>9th Ward Alderman, City Council,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **08 C 0083**<br><br>**PLAINTIFF'S MOTION FOR<br>CLASS CERTIFICATION**<br><br><br>**JUDGE RONALD A. GUZMAN<br>MAGISTRATE JUDGE SCHENKIER** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF
## VICTORIA KATHREIN'S MOTION FOR CLASS CERTIFICATION

### I.   NATURE OF THE CASE

Plaintiffs, and other persons similarly situated, own parcels of land in the City of

Evanston improved with residential dwellings. They may desire to remove those

improvements. Defendants demand that plaintiffs and others, pay various administrative fees in exchange for permits to remove the improvements. Defendants demand plaintiffs and others pay an additional $10,000 "demolition tax" into a separate, special purpose fund unrelated to administration of the removals. The $10,000 charge is not a tax – it is a wrongly titled permit fee.

Plaintiff Victoria Kathrein brings this case as a class action against defendants City of Evanston, *et al.*, for violations of the Takings Clause of the Fifth Amendment, for denial of Equal Protection of the Laws, for denial of Due Process of Law, for violations of the Uniformity Clause of the Illinois Constitution, and for Inverse Condemnation, among other things, against her and other persons similarly situated.

Plaintiff requests the Court certify a class in this action defined as: (i) all persons in the State of Illinois or any other State, and (ii) who own or did own parcel(s) of real estate within the municipality of Evanston, Illinois, and (iii) which parcel(s) is or was improved with a residential structure, (iv) on or subsequent to June 4, 2007.

This Memorandum is in support of plaintiff's Motion for Class Certification.

## II.   **PLAINTIFF'S CLAIMS**

In her complaint, plaintiff alleges that by enactment and enforcement of Ordinances 4-22 and 40-O-07, it is the policy, custom and practice of the defendants to, among other things, violate certain rights and protections guaranteed to her, and others similarly situated, under the Constitution of the United States and the Constitution of Illinois.

### A.   **The Takings Clause**

The Fifth Amendment prohibits governmental taking of property for public use without just compensation. *Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 161 L.Ed.2d

2

876, 125 S.Ct. 2074 (2005) It is the defendants' policy, custom and practice to take plaintiff's private property for public use without just compensation.

**B.   Equal Protection of the Laws**

When State officers engage in unlawful administration of a State statute fair on its face, causing unequal application to those who are entitled to be treated alike, a denial of equal protection exists if the discrimination was intentional or purposeful. *Snowden v. Hughes* (1944), 321 U.S. 1, 88 L.Ed. 497, 64 S.Ct. 397; *International Society for Krishna Consciousness, Inc. v. City of Evanston* (1980), 89 Ill.App.3d 701, 411 N.E.2d 1030. It is the defendants' policy, custom and practice to engage in intentional and unlawful administration of State statutes and thusly deny plaintiffs equal protection of the laws.

**C.   Denial of Due Process of Law**

It is not the hearing itself, but the right to a hearing, that is required by due process. *Reno v. Flores,* 507 U.S. 292, 123 L.Ed.2d 1, 113 S.Ct. 1439 (1993) The due process clause prohibits a state from imposing a tax in the absence of "some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax." *Miller Brothers Co. v. Maryland,* 347 U.S. 340, 98 L.Ed. 744, 74 S.Ct. 535, 539 (1954) It is the defendants' policy, custom and practice to deny plaintiff's due process in the enforcement of their Ordinances.

**D.   Uniformity Clause of the Illinois Constitution**

"The uniformity clause was designed to enforce minimum standards of reasonable-ness and fairness as between groups of taxpayers." [Emphasis omitted.] *Allegro Services, supra,* 665 N.E.2d at 1252. Taxing authorities are not justified in imposing a far greater burden upon one taxpayer than they do upon other tax-payers. *People ex rel. Hawthorne*

3

*v. Bartlow,* 111 Ill.App.3d 513, 444 N.E.2d 282, 67 Ill.Dec. 243 (4th Dist. 1983). Defendants' $10,000 fee is unreasonable, unfair and applied without uniformity.

### E.    **Inverse Condemnation**

Inverse Condemnation: An action brought by a property owner for compensation from a governmental entity that has taken the owner's property without bringing formal condemnation proceedings. Black's Law Dictionary, 7th Edition at p. 287. It is the policy, custom and practice of the defendants to condemn plaintiff's property (cash) without formal condemnation proceedings.

### III.    **STANDARD FOR CLASS CERTIFICATION**

In order for a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "When evaluating a motion for class certification, the court accepts as true the moving party's allegations and does not examine the merits of the case." *Flanagan v. Allstate Ins. Co.*, 225 F.R.D. 569, 571 (N.D.Ill. 2004).

### IV.    **THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION UNER  F.R.Civ.P. RULE 23**

#### A.    **Rule 23(A)(1) – Numerosity**

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires that the class be "so numerous that joinder of all members is impracticable." *Williams v. Chartwell Financial Services*, 204 F.3d 748, 760 (7th Cir. 2000). However, "Impracticability does not mean impossibility." *Ellis v. Elgin Riverboat Resort*, 271 F.R.D. 415, 421 (N.D.Ill. 2003). "When the class is large, numbers alone are dispositive…." *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986). "Although there is no magic number at which a class

becomes certifiable, courts have held that class of forty is generally sufficient to satisfy Rule 23(a)(1)." *Jackson v. NAFS, Inc.*, 227 F.R.D. 284, 287 (N.D.Ill. 2005) citing *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n9 (7th Cir. 1969).

Here, the class is so numerous[1] that joinder of all members is impractical. Clearly, plaintiffs have satisfied the numerosity requirement of Rule 23(a)(1).

### B.    Rule 23(A)(2) – Commonality

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be a common question of law or fact. "However, not all factual or legal questions raised in a lawsuit need be common as long as a single issue is common to all class members." *Evans v. Evans*, 818 F. Supp. 1215, 1219 (N.D.Ind. 1993). "Factual variation among class members' grievances will not defeat class certification. Instead, it is sufficient for plaintiffs to demonstrate that the claims arise from a common nucleus of operative fact." *Wallace v. Chicago Housing Authority*, 224 F.R.D. 420, 427 (N.D.Ill. 2004). "Common nuclei of fact are typically manifest where, like in the case *sub judice*, the defendants have engaged in standardized conduct towards members of the proposed class…" *Keele V. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); see also *Warcholek, supra* at 294.

"Commonality under Rule 23(a)(2) is not a demanding requirement: It calls only for the existence of at least one issue of fact or law common to all class members." *Eldred v. Experian Info., Inc.*, 233 F.R.D. 508, 511 (N.D.Ill. 2005). "The commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D.Ill. 1992).

---

[1]    See First Amended Complaint, lines 133-136. Docket [19]  Potentially, the class may include 29,651 members. (16,511 + 14,040 = 29,651)

In the instant case, like *Eldred,* there are common questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  Also see Part **V,** *infra.*

All owners of property in Evanston with a residential improvement are members of the class.  As explained in Section II *supra,* the principal legal issues here are whether defendants' exaction of a $10,000 fee from certain property owners and not others, defendants' denial due process, and defendants' violation of certain rights guaranteed under the U.S. and Illinois Constitutions, is illegal.

Ultimately, class actions are superior adjudication methods when they allow for a "more efficient use of judicial resources than trying individual cases." *Maxwell v. Arrow Financial Services, LLC.,* No. 03 C 1995, 2004 U.S.Dist. LEXIS 5462 at *18 (N.D.Ill. Mar. 31, 2004)

Therefore, plaintiffs have satisfied the commonality requirement of Rule 23(a)(2).

### C.    Rule 23(A)(3) – Typicality

Rule 23(a)(3) requires that the claims of the named plaintiffs be typical of the claims of the class. *Keele, supra at 594-595.*

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.  The typicality requirement may be satisfied even if there are factual distinctions between the claims of the names plaintiffs and those of other class members.  Thus, similarity of legal theory may control even in the face of differences of fact. *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598-600 (2d Cir. 1986); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)

Here, typicality is inherent in the class definition, *i.e.*, each of the class members were subject to the same Ordinance and thus, to the same violations of the Constitution as was plaintiff Kathrein. The typicality requirement of Rule 23(a)(3) is well satisfied.

**D.   Rule 23(A)(4) – Adequacy of Representation**

Rule 23 of the Federal Rules of Civil Procedure also requires that the named plaintiffs provide fair and adequate protection for the interests of the class. That protection involves two factors: (1) whether plaintiff's counsel is qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiffs have interests antagonistic to those of the class. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993); *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986); *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977).

Plaintiff Kathrein understands her responsibilities as the class representative. See Declaration of Victoria Kathrein in Support of Plaintiff's Motion for Class Certification, filed separately. She is represented by experienced counsel whose qualifications are set forth in the Declaration of Adrian M. Vuckovich in Support of Plaintiff's Motion for Class Certification, filed separately.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiffs are coincident with the general interests of the class. Kathrein and the class members seek monetary damages and injunctive relief, as well as a declaratory judgment that defendants' violated certain rights guaranteed to them by both the United States and Illinois Constitutions. Given the identical nature of the claims between Kathrein and the class members, there is no potential for conflicting interests in this

action. There is no antagonism between the interests of the named plaintiffs and those of the class.

Thus, plaintiff Kathrein has satisfied the representative element of Rule 23(a)(4).

## V.    CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY

### A.    Common Questions of Law or Fact Predominate

Rules 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989); *Jackson v. NAFS, Inc.*, *supra* at 290. This criterion is normally satisfied where there is an essential common factual link between all class members and the defendant for which the law provides a remedy. *Schmitt v. United States*, 203 F.R.D. 387, 402 (S.D.Ind. 2001).

In this case, the "common nucleus of operative fact" is that all class members, by definition, were subjected to defendant's policy, custom and practice of exacting an arbitrary $10,000 permit fee from select property owners and not from others, as well as to deny certain common Constitutionally guaranteed rights. The legal issues arising from defendants' actions are identical for each class member, *i.e.*, Did the enactment and does the enforcement of Ordinances 4-22 and 40-O-07, violate plaintiff's Constitutional rights? Because of the standardized nature of defendant's conduct and the standardized nature of the relief sought, common questions predominate.

The law applicable to the claims presented is common to all members, *i.e.*, the laws of the State of Illinois only, and the U.S. Constitution.

8

The only individual issue is the identification of the thousands of widely dispersed property owners who are subject to defendants' illegal Ordinances.[2]

This issue should be a matter capable of ministerial determination from defendants' records, other discovery and depositions. This issue is not a barrier to class certification.

It is clear in this case, that both the class' factual issues and the issues of law, predominate over any individual questions.

## B.   Class Action is the Most Efficient Method of Adjudication

The superiority issue is whether "class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Lemon v. International Union of Operating Eng'rs. Local No. 139*, 216 F.3d 577, 581 (7th Cir. 2000). Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Gete v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997). "[T]he class action procedure allows for the efficient and economical litigation of a question potentially affecting every class member." *Kelly v. Sabretech Inc.*, 1999 U.S. Dist. LEXIS 15445, *8-*9 (S.D. Fla. 1999).

The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Bova v. Cox Communs, Inc.*, 2001 U.S. Dist. LEXIS 20690, *9-11 (W.D.Va., Dec. 2001). "Efficiency is the primary focus to determine if a class action is the superior method to resolve a controversy, and the court looks to judicial integrity, convenience, and economy." *Id.* at

---

[2]   Given the large number of residential rental properties in Evanston, it is reasonable to assume some nationwide distribution of claimants. For examples, an owner of rental property in Evanston could be a citizen of Odessa, Texas, in which case he could properly bring his claim to the Texas Western District Court in Midland. Conversely, if an affected property is owned by a Delaware LLC, with that LLC's sole member being a citizen of Evanston, the LLC could properly bring its claim to the Delaware District Court in Wilmington.

11. In this case, there is no better method available for the adjudication of the claims which might be brought by each individual property owner subjected to defendants' Ordinances and practices. Thus, certification of this action is the superior method to provide a unified resolution of the controversies presented.

### C.    Class Members Unlikely or Unable to Pursue Claims Individually

"Class action superior when property allegedly wrongfully withheld from class members "may not be sufficiently substantial to provide incentive for **class** members to pursue their rights on behalf of themselves" *Gates v. Towery,* No. 04 C 2155, 2004 U.S.Dist. LEXIS 22876 at **27 – 28 (N.D.Ill. Nov. 9, 2004) "Class action superior when "class members would be overwhelmed by the defendant's resources if they attempted to bring individual claims." *Carbajal v. Capital One,* 219 F.R.D. 437, 443 (N.D.Ill. 2004)

It is proper for a court, in deciding the "best" available method, to consider the "…inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart., Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974). "In determining superiority, courts also consider the anticipated amount of recovery for each plaintiff. Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiff. See Advisory Committee Note to 1996 Amendment to Rule 23." *Israel v. Avis Rent-a-Car Sys.,* 185 F.R.D. 372, 387 (S.D.Fla. 1999).

Whereas the amount wrongfully taken from each member is approximately $10,000 per parcel owned[3], individual members are unlikely to perceive the benefit of investing

---

[3]    Some members may own several parcels. Each parcel is affected separately.

an equal or greater amount in uncertain litigation or worse, to believe they could match resources with the City of Evanston.

Again, certification of this action is the superior method to resolve the controversies presented here.

## VI.    NO RULE 68 OFFER OF JUDGMENT HAS BEEN MADE

"A class action will be mooted by an offer of judgment only if the offer is made before plaintiff has moved for class certification." *Primax Recoveries, Inc., v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003) Defendants have made no offer of judgment which could moot this motion for certification, either to plaintiff expressly in her individual capacity or as the representative of the putative class. *Liles v. A.C.C.S.*, 201 F.R.D. at 455 (S.D. Iowa 2001)

## VII.    CONCLUSION

The proposed class meets the requirements of Rules 23(a) and Rule 23(b)(3). Plaintiff Victoria Kathrein respectfully requests that the Court certify this action as a class action.

Respectfully submitted,

Dated:  April 1, 2008

/s/ Adrian M. Vuckovich

Adrian M. Vuckovich
Collins & Bargione
One North LaSalle St. – Suite 2235
312-372-7813
312-372-7840 fax

11