IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. KATHREIN and VICTORIA KATHREIN, | ) ) ) | |
| Plaintiffs, | ) ) ) | 08 C 83 |
| v. | ) ) | |
| CITY OF EVANSTON, et al. | ) ) ) | Judge Ronald A. Guzmán |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Currently pending before the Court are the defendants' motion to dismiss the Amended Complaint and Victoria Kathrein's motion to refile Count II of the Amended Complaint. For the reasons stated below, the motion to dismiss [114-1] is granted and the motion to refile [116-1] is denied.

**Background**

On March 4, 2008, the Kathreins filed an amended complaint challenging the Evanston Affordable Housing Demolition Tax ("Demo Tax"), Evanston Ill. Code § 4-22-1, and the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341.

The City of Evanston then filed a motion to dismiss for lack of jurisdiction. This court granted the motion agreeing with the City that the Kathreins lacked standing to challenge the constitutionality of the TIA and that the TIA prevented this court from exercising subject-matter jurisdiction over the Kathreins' challenges to the Demo Tax. *Kathrein v. City of Evanston, Ill.*, 08 C 83, 2009 WL 3055364, at *5 (N.D. Ill. Sept. 18, 2009). On appeal, the Seventh Circuit affirmed this court's conclusion regarding the Kathreins' standing to challenge the

constitutionality of the TIA but reversed the conclusion that the TIA prevented this court from exercising subject matter jurisdiction over the challenges to the Demo Tax. Specifically, the *Kathrein* court found that the Demo Tax was a regulatory device, not a tax, and therefore, the TIA did not prevent the Kathrein's challenges in federal court to the Demo Tax. *Kathrein v. City of Evanston*, 636 F.3d 906, 916 (7th Cir. 2011). The Seventh Circuit remanded the case.

In the meantime, soon after the Seventh Circuit's decision in *Kathrein*, an *en banc* panel of the Seventh Circuit again addressed the parameters of the TIA in a different case, *Empress Casino Joliet Corp. v. Balmoral Racing Club*, 651 F.3d 722 (7th Cir. 2011). In *Empress*, the Seventh Circuit provided an in-depth discussion of the purposes of the TIA and the differences between taxes, fees, and fines. The *Empress* court expressly criticized the Seventh Circuit's then-recent decision in *Kathrein*, which found that the Demo Tax was a regulatory device and not a tax, stating that "[w]e do not agree with that decision." *Id*. at 730.

**Analysis**

    A.    <u>Motion to Dismiss for Lack of Jurisdiction</u>

With the Kathreins' case now before this court on remand, the City has moved to dismiss the case again for lack of subject matter jurisdiction, contending that *Empress Casino* overruled *Kathrein*. According to the City, an *en banc* court may overrule the law as stated by the panel because "[w]hen sitting en banc, the full court has the power to change general rules stated in previous cases." *Mojica v. Gannett Co., Inc.*, 7 F.3d 552 (7th Cir. 1993). The City goes on to contend that while the law of the case dictates that an appellate opinion generally governs the same issue in subsequent stages of the same case, *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986), a district court is not bound by the doctrine when there are intervening changes in the

law. *Tice v. Am. Airlines, Inc.*, 373 F.3d 851, 854 (7th Cir. 2004). The Kathreins disagree, arguing that *Kathrein* was not expressly overruled and that the law of the case requires that the court deny the motion to dismiss.

The court finds the Seventh Circuit's decision in *Sierra Club v. Khanjee Holding (US) Inc.*, 655 F.3d 699 (7th Cir. 2011) ("Sierra Club II"), to be instructive. In *Sierra Club II*, the defendant, citing to a Fifth Circuit case, argued that the district court lacked jurisdiction under federal law to impose civil penalties for expired power plant construction permits. *Id.* at 704. Although the Seventh Circuit had already decided that jurisdiction existed in *Sierra Club I*, a prior appeal in the same case, the defendant contended that the law of the case doctrine did not apply to issues of jurisdiction. According to the defendant, the Fifth Circuit's opposing conclusion on jurisdiction provided a ground for the Seventh Circuit to revisit its decision in *Sierra Club I*.

The *Sierra Club II* court acknowledged that in *Shakman v. Dunne*, 829 F.2d 1387, 1393 (7th Cir. 1987), it stated that "courts are significantly less constrained by the law of the case doctrine with respect to jurisdictional questions," but clarified that it "re-examined" its jurisdiction in the *Shakman* case because it was "confronted with a significantly different legal landscape than the one that confronted the district court at the time the complaint was originally filed...." *Id.* at 704. The *Sierra Club II* court concluded that the Fifth Circuit opinion had not changed the legal landscape sufficient to justify a departure from its decision in *Sierra Club I*. *Id.* at 705 ("Here, there are no 'significant differences' in the legal landscape that warrant re-examination of our jurisdictional ruling in *Sierra Club* I" because the Fifth Circuit case cited by the defendant "is distinguishable").

In the instant case, as in *Shakman*, the legal landscape has been substantially altered. With respect to the exact issue presented both to this court and the panel on appeal, the Seventh Circuit, sitting *en banc*, expressly stated that it "disagreed" with the Seventh Circuit's *Kathrein* decision and would conclude that the Demo Tax was a tax within the meaning of the TIA. *Empress Casino*, 651 F.3d at 730. The Court acknowledges that *Empress Casino* did not expressly overrule *Kathrein*, but finds, in these unique circumstances, that an opinion by the majority of the court stating that an earlier panel decision was wrong cannot be ignored. In so stating, the Court recognizes the Seventh's Circuit's statement in *Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002), that "[o]ne panel of this court cannot overrule another implicitly. Overruling requires recognition of the decision to be undone and circulation to the full court under Circuit Rule 40(e)." Nevertheless, because this court cannot overlook such a clear statement by a majority of the Seventh Circuit that the Demo Tax is a tax under the TIA, the defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

B.  Motion to Refile Count II of the Complaint

Victoria Kathrein also moves to refile Count II, which alleges under 42 U.S.C. § 1983 that the Demo Tax violates the takings clause of the Fifth Amendment. After the case was remanded by the Seventh Circuit, the parties stipulated to dismissing Count II without prejudice. According to Kathrein, this agreement was based on the defendant's representation that it would not be bringing another motion to dismiss. However, after the Seventh Circuit issued its decision in *Empress Casino*, the defendant, as addressed above, moved to dismiss the case again for lack of jurisdiction. Therefore, Kathrein states that "given the possibility that the Amended Complaint may be dismissed pursuant to Defendant's Motion and the possible res judicata effects of such an

order, Plaintiff seeks leave to refile Count II of the Amended Complaint." (Dkt. #116, ¶ 6).

The Court previously dismissed Count II on the ground that the TIA prevented the court from exercising subject matter jurisdiction over the plaintiffs' challenge to the Demo Tax. The Court also noted in a footnote that it appeared that the claim was not ripe based on the plaintiffs' failure to exhaust, citing to *Daniels v. Area Plan Comm'n of Allen County*, 306 F.3d 445, 452 (7th Cir. 2002) ("[P]rior to initiating a civil action for a taking in federal court, a plaintiff must demonstrate that he has both received a final decision regarding the application of the [challenged] regulations to the property at issue from the governmental entity charged with implementing the regulations, and has sought compensation through the procedures the State has provided for doing so.") (quotation and citation omitted). On appeal, the Seventh Circuit noted that

> [t]he district court hinted that some of the Kathreins' claims are not ripe for consideration in federal court. Federal courts lack jurisdiction to consider an unripe claim, *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008), so any question of ripeness should be decided before consideration of a claim's merits. The parties did not thoroughly brief any ripeness arguments on appeal, so we leave this issue to the parties and the district court on remand.

*Kathrein*, 636 F.3d 906, 915-16 (7th Cir. 2011).

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be "freely given," district courts may deny leave to amend if, among other things, the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That is the case here. For the same reasons discussed above, the TIA bars the claim in federal court. Moreover, Kathrein has not stated that she exhausted her state court remedies prior to seeking relief in this court. Therefore, the claim is not ripe. *See Daniels*, 306 F.3d at 452. Accordingly, Victoria Kathrein's motion to refile Count II is denied.

**Conclusion**

The defendant's motion to dismiss [114-1] is granted and Victoria Kathrein's motion to refile Count II [116-1] is denied. The clerk is directed to enter a Rule 58 judgment and terminate this case from the Court's docket.

**Date**: July 24, 2012

_____

**Ronald A. Guzman**
**United States District Judge**